IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) | |
| | ) | |
| CHANDRA L. JONES, | ) | CASE NO. 15-30711-H3-7 |
| | ) | |
| Debtor, | ) | |
| | ) | |

## MEMORANDUM OPINION

The court has held an evidentiary hearing on the "Amended Motion for Relief from the Stay and Co-Debtor Stay Regarding Exempt Property" (Docket No. 19) filed by Prestige Ford Co. Limited Partnership d/b/a Randall Reed's Planet Ford. The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered granting the motion. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Chandra L. Jones ("Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on February 2, 2015. Debtor filed a notice of conversion to a case under Chapter 7 of the Bankruptcy Code on March 25, 2015.

On or about January 31, 2015, Debtor executed a purchase agreement to purchase a 2011 Chevrolet from Prestige

Ford Co. Limited Partnership d/b/a Randall Reed's Planet Ford ("Movant"). Debtor sought financing through Movant. Movant arranged financing through Regional Acceptance Corp. (Movant's Exhibit 1). Regional Acceptance Corp. ultimately rejected the credit application. (Movant's Exhibit 7).

In the instant motion, Movant seeks relief from stay in order to exercise its rights under applicable law with respect to the vehicle.[1]

At the hearing on the instant motion, Debtor testified that she was present at the auto dealership on January 31, 2015, a Saturday, but did not take possession of the vehicle on that date. She testified that the contract was not completed until the following Monday or Tuesday. This bankruptcy case was filed on the following Monday, February 2, 2015.

Debtor testified that she had consulted with her bankruptcy attorney about filing the instant case before January 31, 2015.

Movant takes the position that Debtor submitted a false credit application in purchasing the vehicle. Debtor testified that she filled out a handwritten credit application. She testified that she was presented an electronic version, and

---

[1] Movant also initially sought relief from the co-debtor stay of Section 1301 of the Bankruptcy Code. Because the instant case has been converted to Chapter 7, the request for relief from the co-debtor stay is now moot.

2

Movant's employee directed her to sign the electronic version without reviewing the document.  Movant's employee, Hernan Rengifo, testified that he typed into the computer the information on the handwritten application.  Debtor testified that she does not recognize any of the information contained in the electronic credit application.[2]

In connection with the instant motion, Debtor has made no offer of adequate protection of Movant's interest in the property.

## Conclusions of Law

Section 362(d) of the Bankruptcy Code provides in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
>
> > (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
> >
> > (2) with respect to a stay of an act against property under subsection (a) of this section, if-
> >
> > > (A) the debtor does not have an equity in such property; and
> > >
> > > (B) such property is not necessary to an effective reorganization;

11 U.S.C. §§ 362(d)(1), 362(d)(2).

---

[2]The court makes no finding as to whether Debtor submitted false information in the credit application.

>Section 362(g) of the Bankruptcy Code provides:
>
>>(g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section--
>>
>>>(1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and
>>>
>>>(2) the party opposing such relief has the burden of proof on all other issues.

11 U.S.C. § 362(g).

Cause is not defined in the Bankruptcy Code, and must be determined on a case by case basis based on an examination of the totality of circumstances. In re Reitnauer, 152 F.3d 341, 343 n. 4 (5th Cir. 1998); In re Mendoza, 111 F.3d 1264 (5th Cir. 1997).

In the instant case, Debtor has made no offer of adequate protection. Debtor purchased the vehicle no earlier than two days before the instant bankruptcy case was filed.[3] The court concludes, based on the totality of circumstances, that the stay should lift to permit Movant to exercise its rights and remedies under applicable law.

Based on the foregoing, a separate Judgment will be entered granting the "Amended Motion for Relief from the Stay and

---

[3] The court notes that under Section 526(a)(4) of the Bankruptcy Code, Debtor's counsel was required to refrain from advising Debtor to incur more debt in advance of filing the bankruptcy case.

Co-Debtor Stay Regarding Exempt Property" (Docket No. 19).

Signed at Houston, Texas on April 20, 2015.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE